# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| KEVIN J. SIMPSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 209-145 |
| | * | |
| KEITH MASON, RODERICK | * | |
| NOHILLY, and UNKNOWN POLICE | * | |
| OFFICER, individually & in their Official | * | |
| Capacities as Police Officers for Glynn | * | |
| County, Georgia, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Defendants' Motion for Partial Summary Judgment. See Dkt. No. 21. Upon due consideration, the motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

On September 21, 2007, Plaintiff Kevin J. Simpson travelled to the McDonald's Restaurant located at 4545 Altama Avenue in Brunswick, Georgia. Upon arrival at the restaurant, Plaintiff witnessed a disturbance involving several youths and observed a

young boy lying unconscious in the parking lot. While his exact motivations for doing so are unclear, Plaintiff entered the restaurant and began dispersing the crowd of youths gathered therein. A short time later, the police arrived and also began dispersing the crowd in the restaurant. At one point, Plaintiff heard the discharge of a taser gun but did not observe who caused the discharge.

Defendant Kevin Mason, one of the police officers at the scene, instructed Plaintiff to "get back" three times. Plaintiff replied, "I am getting back" and complied with Officer Mason's request.[1] Plaintiff claims that following his reply, Officer Mason instructed Defendant Roderick Nohilly, another officer at the scene, to "get" Plaintiff. Plaintiff further alleges that Officer Nohilly slammed him to the ground and handcuffed him, while he was being attacked by Officer Mason's police dog. The Magistrate Court of Glynn County subsequently issued an arrest warrant on the charge of obstruction of an officer, which was later dismissed and expunged.

Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights by arresting him without probable cause and applying excessive and unreasonable force. Plaintiff also alleges violations of his substantive due process rights under the Fourth and Fourteenth Amendments. Plaintiff argues

---

[1] Defendants offer no further details regarding Plaintiff's conduct in their statement of undisputed material facts. See Dkt. No. 21-3.

that as a result of these violations, he is entitled to actual damages, punitive damages, and attorney's fees.

Defendants now move for summary judgment, arguing that Officers Mason and Nohilly are entitled to qualified immunity and that Plaintiff's Fourteenth Amendment substantive due process claims fail as a matter of law.

**LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and draw all inferences in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

3

**DISCUSSION**

**1. Qualified Immunity**

Defendants claim that the Defendant Officers in the case are entitled to qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002).

In the context of a Fourth Amendment claim, the relevant inquiry is whether the Defendant Officers acted in an objectively reasonable way, thereby triggering qualified immunity. The Defendant Officers acted reasonably for the purposes of qualified immunity if they had even "arguable probable cause" to arrest Plaintiff. See Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004). Such arguable probable cause "exists if, under all of the facts and circumstances, an officer reasonably could – not necessarily would – have believed that probable cause was present." Id.

Defendants argue that the officers had arguable probable cause to arrest Plaintiff for misdemeanor obstruction under O.C.G.A. § 16-10-24(a), which states that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty

4

AO 72A
(Rev. 8/82)

of a misdemeanor." Although a "variety of conduct can satisfy the obstruction element of § 16-20-24(a)," the "conduct must rise to the level of knowing and willful opposition to the officer." Turner v. Jones, No. 10-14547, 2011 WL 661501, at *3 (11th Cir. Feb. 23, 2011).

Defendants claim that the Defendant Officers had arguable probable cause to arrest Plaintiff for obstruction of an officer because: "Plaintiff was instructed to 'get back' three times, and though everyone else left without comment, [P]laintiff turned to respond and stated, 'I am getting back.' " See Dkt. No. 21-1, at 5. At this stage in the proceedings, Defendants' argument is unavailing. Viewing the facts in the light most favorable to the non-movant, a jury could find that Plaintiff was not physically or verbally threatening or noncompliant. Indeed, a jury could find that Plaintiff did as he was instructed. Plaintiff's statement that he was "getting back" as he complied with the officers' instructions does not give rise to arguable probable cause.

The Court understands that police officers in the line of duty often face dangerous and difficult situations. Nonetheless, there is no indication that Plaintiff did anything other than what the Defendant Officers instructed him to do. The fact that Plaintiff, unlike the others present at the scene, stated verbally that he was complying with the Defendant Officers'

AO 72A
(Rev. 8/82)

instructions simply does not give rise to arguable probable cause to arrest for obstruction of an officer.

The motion for partial summary judgment is denied as to the issue of qualified immunity.

### 2. Fourteenth Amendment Substantive Due Process Claims

Defendants claim that they are entitled to summary judgment on any Fourteenth Amendment substantive due process claims because the relevant provision of the Constitution at issue is the Fourth Amendment. In response, Plaintiff simply "concedes" these claims. Dkt. No. 24-2, at 6. As a result, Defendants are entitled to summary judgment as to the Fourteenth Amendment substantive due process claims.

### CONCLUSION

For the reasons stated, the motion for summary judgment is **GRANTED** in part and **DENIED** part.

**SO ORDERED**, this 20th day of May, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA